UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Morgan Scopas Kenyi,

    Petitioner,

v.

Eric H. Holder, Jr., Secretary of
Department of Homeland Security, Peter B.
Berg, and Ken Olson,

    Respondents.

File No. 13-cv-740 (JNE/TNL)

**REPORT
&
RECOMMENDATION**

Morgan Scopas Kenyi, A#:028-125-005, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, MN 55330 (*pro se*); and

Gregory G. Brooker, **United States Attorney's Office**, 300 S, Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Morgan Scopas Kenyi's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter has been referred to the Court for report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that Petitioner's request for habeas relief be dismissed as moot.

I.    **BACKGROUND**

Petitioner is a citizen of South Sudan who entered the United States as a refugee on November 10, 1993. (Olson Decl. ¶ 6, ECF No. 9; *id.* Ex. 6.) On December 8, 2008, Petitioner was turned over to United States Immigration and Customs Enforcement

1

("ICE") from the Cass County Jail in Fargo, North Dakota. (*Id*. ¶ 1; Ex. 3.) On December 19, 2008, an Immigration Judge ordered Petitioner removed from the United States to Sudan. (*Id.* ¶ 2; Ex. 1.) A Warrant of Removal/Deportation was issued on December 29, 2008. (Olson Decl. Ex. 2.) On March 23, 2009, ICE determined that Petitioner could be released pending his deportation. (Olson Decl. ¶ 4.) Petitioner was then released from ICE custody pursuant to an Order of Supervision on March 27, 2009. (*Id.* Ex. 3.)

Petitioner was taken back into ICE custody on March 14, 2012. (Olson Decl. ¶ 5.) The reason for this was twofold: (1) there was an increased likelihood of obtaining a travel document from the South Sudanese government; and (2) Petitioner had four criminal convictions since being released in 2009, making him a danger to the community. (*Id*. Ex. 4.) On March 8, 2013, a post custody review order called for continued detention based on the likelihood of removal and the threat Petitioner presented to the community. (Olson Decl. ¶ 6.) The Republic of South Sudan issued an Emergency Travel Document for the return of Petitioner on April 30, 2013. (*Id*. ¶ 13.) On June 4, 2013, Petitioner was removed to South Sudan. (*Id.* ¶ 14.)

Petitioner commenced the present action on April 1, 2013. (*See* Petition, ECF No. 1.) Petitioner seeks a writ of habeas corpus for release from ICE custody pursuant to 8 U.S.C. § 1231 and the principles proscribed by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id*. at 2.)

## II. DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases and controversies" by Article III of the United States Constitution. *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). If an event occurs that precludes a court from granting meaningful relief to a party, the case-or-controversy requirement is no longer met. *In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996); *Serebryanskiy v. Beniecke*, Civil No. 12-1671 (PAM/JSM), 2013 WL 1189683, at * 2 (D. Minn. March 4, 2013), *adopted by* 2013 WL 1193072 (D. Minn. March 22, 2013). "Once a § 2241 petitioner has been removed from the United States and deported to his native country . . . his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III." *Estrada-Heredia v. Holder*, Civil No. 12-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (citations omitted), *adopted by* 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *see also Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, Civil No. 10-292 (JRT/LIB), 2010 WL 5141903, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe Mhanna's request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of Mhanna from the United States renders any such claim moot.").

Petitioner argues that he is entitled to release from ICE custody as his aggregated detention exceeded the 6-month presumptively reasonable period proscribed in *Zadvydas*.

533 U.S. at 701. Regardless, "Petitioner has been removed and is no longer in the government's custody, therefore an order of the District Court would have no effect on Petitioner." *Serebryanskiy*, 2013 WL 1189683 at *2. Because Petitioner has already been removed to South Sudan, "[t]his Court can no longer order the relief sought in the Petition." *Estrada-Heredia*, 2012 WL 4839113 at * 2. Accordingly, this action must be dismissed as moot.

## III. RECOMMENDATION

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) be **DISMISSED AS MOOT**.

Date: September 6, 2013     s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Kenyi v. Holder, et al.*
File No. 13-cv-740 (JNE/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. The Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit

Court of Appeals. Written objections must be filed with the Court before **September 23, 2013.**